**MARGO A. RAISON, COUNTY COUNSEL**
**COUNTY OF KERN, STATE OF CALIFORNIA**
**By: Marshall S. Fontes, Deputy (SBN 139567)**
**Kern County Administrative Center**
**1115 Truxtun Avenue, Fourth Floor**
**Bakersfield, CA 93301**
**Telephone 661-868-3800**
**Fax 661-868-3805**

**Attorneys for Defendants County of Kern**
**and Sheriff Donny Youngblood**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JENNIFER MELLO,**<br><br>Plaintiff,<br><br>v.<br><br>**COUNTY OF KERN, a public entity; SHERIFF DONNY YOUNGBLOOD, a public employee; DOES 1-10,**<br><br>Defendants. | **CASE NO.: 1:18-CV-01216-AWI-JLT**<br><br>**STIPULATION FOR PROTECTIVE ORDER AND [~~PROPOSED~~] ORDER THEREON**<br>**(Doc. 26)** |

It is hereby stipulated by and between the parties through their respective counsel, Greg W. Garrotto, Esq., for plaintiff, JENNIFER MELLO ("plaintiff"), and Marshall S. Fontes, Deputy County Counsel, for COUNTY OF KERN and SHERIFF DONNY YOUNGBLOOD (collectively "County Defendants"), that the following Protective Order be entered:

**1. Definitions:**

The following definitions shall govern the construction of this stipulation unless the context otherwise requires.

(a) CONFIDENTIAL Information. "CONFIDENTIAL Information" means any and all Information regardless of format or medium, including personal, proprietary, and financial information, state and federal tax records, and other Information which a party has a

1

---

STIPULATION FOR PROTECTIVE ORDER AND [~~PROPOSED~~] ORDER THEREON – Mello v. County, et al.

right to protect from unrestricted disclosure.  In the context of the present case, it also includes, but is not limited to: (1)  any peace officer information protected by California Penal Code Section 832.7 and California Evidence Code Sections 1043 to 1047.

    (b)    Disclosing Party:  "Disclosing Party" means the party who discloses CONFIDENTIAL Information.

    (c)    Information. "Information" means discovery obtained through the use of interrogatories, requests for admission, requests for production of documents and things, depositions, subpoenas or other Information obtained during discovery.

    (d)    Notice.  "Notice" means reasonable notice under the circumstances.  The manner and amount of Notice shall be governed by the particular circumstances.

    (e)    Person.  "Person" means person as defined in California Evidence Code § 175.

    (f)    Documents. "Documents" means all written, recorded, graphic, or electronically stored matter whatsoever, including, but not limited to, materials produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, by subpoena or by agreement, deposition transcripts and exhibits, interrogatory answers, responses to requests for admissions, and any portion of any Court papers that quote from the foregoing and any other disclosure or discovery material that is designated by the parties as "Confidential."  The term "documents" is limited to material or information produced in the above-captioned litigation.

**2.    Scope and Intent.**

    (a)    Until further order of the Court or stipulation of the parties, all Information designated as "CONFIDENTIAL" by the Disclosing Party, to the extent such Information discloses CONFIDENTIAL Information, shall be subject to this stipulation.  However, nothing in this stipulation shall prevent any party from seeking a modification of this stipulation or objecting to the designation of Information as CONFIDENTIAL Information which the party believes to be otherwise improper.

    (b)    The purpose and intent of this Order is to protect CONFIDENTIAL Information produced by both parties.  Nothing in this stipulation shall be construed to change existing law or shift existing burdens. The Parties acknowledge that this Order does not confer blanket

protections on all disclosures, or responses to discovery, and that the protection it affords extends only to the limited information, or items, that are entitled under the applicable legal principles to treatment as confidential.

(c) The protections conferred by this Stipulated Protective Order cover not only Confidential Information (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential Information.

(d) The parties recognize and acknowledge that some CONFIDENTIAL Information which may be sought is so sensitive that a party may refuse to disclose the Information even under the protection of this stipulation. In such event, this stipulation shall not be deemed consent or an admission that such Information is discoverable and a party may resist disclosure until the matter has been heard by the Court.

(e) This stipulation is the product of negotiations and, for purposes of construction and interpretation, shall not be deemed to have been drafted by one party.

(f) This stipulation shall be submitted for the signature of the Magistrate Judge assigned to this case in an ex parte manner without need of a formally noticed motion.

**3.  Designation of CONFIDENTIAL INFORMATION.**

Any Disclosing Party may designate Information, or any portion of such Information, as CONFIDENTIAL Information by placing the word "CONFIDENTIAL" on the Information. By designating Information as CONFIDENTIAL, the Disclosing Party warrants that the designation is made in good faith and on reasonable belief that the Information so designated is CONFIDENTIAL Information as defined above.

**4.  Oral Deposition Testimony.**

A party may designate as CONFIDENTIAL Information, Information disclosed during oral deposition by stating so on the record or in writing within 30 days from receipt of the transcript. Where documents that have been designated as CONFIDENTIAL are entered into the record of a deposition or where CONFIDENTIAL Information is disclosed

3

during deposition, such portion of the deposition containing CONFIDENTIAL Information shall be separately bound and marked "CONFIDENTIAL – UNDER PROTECTIVE ORDER" in a conspicuous place and shall be subject to the provisions of this stipulation.

**5.     Objection to Designation.**

A party may at any time object to the designation of Information as CONFIDENTIAL and move the Court for an order declaring that such Information not be designated CONFIDENTIAL. No motion relating to the designation of Information as CONFIDENTIAL shall be filed without first completing the following steps. First, the moving party SHALL confer with the opposing party in a good faith effort to resolve the dispute. Second, if the good faith effort is unsuccessful, the moving party promptly shall seek a telephonic hearing with all involved parties and the Magistrate Judge. It shall be the obligation of the moving party to arrange and originate the conference call to the court. Counsel must comply with Local Rule 251 or the motion will be denied with prejudice and dropped from calendar.

**6.     Information Which Is Not Confidential.**

Notwithstanding the designation of Information as CONFIDENTIAL, such Information shall not be CONFIDENTIAL Information, nor shall disclosure be limited in accordance with this stipulation where such Information, is at the time of disclosure, in the public domain by publication otherwise.

**7.     CONFIDENTIAL Information Obtained from Third Parties.**

If CONFIDENTIAL Information is obtained from a third party, the third party may adopt the benefits and burdens of this stipulation. Likewise, any party may designate material or Information obtained from a third party as CONFIDENTIAL.

**8.     Inadvertent Disclosure.**

An inadvertent failure to designate qualified information or items as Confidential does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. If material is appropriately designated as Confidential after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in

4

accordance with the provisions of this Order.

**9.     Documents Filed With The Court.**

If a party wishes to file documents with the Court which contain material designated CONFIDENTIAL, that party SHALL comply with Local Rules 140 and 141.

**10.    Dissemination to Third Parties.**

(a)     CONFIDENTIAL Information shall be disclosed only to the parties to this stipulation, their experts, consultants, and counsel.  Before any person receives access to CONFIDENTIAL Information, each shall execute a copy of the form attached hereto as Exhibit A, reciting that he, she or it has read a copy of this stipulation and agrees to be bound by its terms.

(b)     If any person who has obtained CONFIDENTIAL Information under the terms of this stipulation receives a subpoena commanding the production of CONFIDENTIAL Information, such person shall promptly notify the Disclosing Party of the service of the subpoena.  The person receiving the subpoena shall not produce any CONFIDENTIAL Information in response to the subpoena without either the prior written consent of the Disclosing Party or order of the Court.

**11.    Use of CONFIDENTIAL Information During Trial.**

The Parties will identify in their exchange of Pre-Trial exhibit lists any documents they intend to use which are CONFIDENTIAL.  If a party intends to introduce into evidence any CONFIDENTIAL Information at trial, which the opposing party has objected to in the exchange of Pre-Trial exhibit lists, that party SHALL notify the Court in the joint pretrial conference statement of this intention and SHALL seek an order related to the introduction of this evidence at trial.  The moving party SHALL comply with the Court's pretrial order regarding whether this order will be sought in limine or otherwise.   If a party seeks to introduce at trial evidence which that party has designated as CONFIDENTIAL Information, other parties which desire to use said information, are not required to notify the Court of the intent to use the CONFIDENTIAL Information.

/ / /

5

STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON – Mello v. County, et al.

A party may also seek to use CONFIDENTIAL Information for purposes of rebuttal but are required to notify the Court prior to introducing the evidence at trial.

**12. Duty to Use Reasonable Care.**

All persons bound by this stipulation shall have the duty to use reasonable care and precaution to prevent violations thereof.

**13. Enforcement.**

(a) Prior to bringing any motion or application before the Court for enforcement of this stipulation, the parties shall, comply with the procedures set forth in paragraph 5.

(b) In the event anyone shall violate, attempt to violate or threaten to violate any of the terms of this stipulation, after compliance with the procedures in paragraph 5, the aggrieved party may apply to the Court to obtain compliance with this stipulation or to obtain appropriate injunctive relief. Each party agrees that, in response to an application for injunctive relief, it will not assert the defense that the aggrieved party possesses an adequate remedy at law.

(c) The Court may make any order against a party to this stipulation it deems appropriate to compel compliance in addition to any injunctive relief available to the parties.

(d) If CONFIDENTIAL Information is disclosed to any person other than as allowed by this stipulation, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the aggrieved party and without prejudice to the other rights and remedies of any party, make every effort to prevent further disclosure. Fines and/or sanctions for inadvertent or intentional disclosure shall be decided by the Court after briefing and argument by all parties concerned.

**14. Return/Destruction of Documents.**

Within 60 days after final termination of this action, including all appeals, each party shall be responsible for returning or destroying all original and/or copies of all CONFIDENTIAL Information produced during the course of this action and subject to this order, including all excerpts thereof, except that counsel may retain all memoranda, and correspondence derived from such CONFIDENTIAL Information and any such CONFIDENTIAL Information necessary for purposes of maintaining a legal file but after the

6

STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON – Mello v. County, et al.

end of such years, all such retained CONFIDENTIAL Information shall be returned or destroyed.

**15.  Modification and Amendments.**

Except as to those modifications made by the Court, this stipulation may be modified or amended without leave of Court by unanimous written agreement of the parties hereto.

**16.  Duration of Stipulation.**

Provided the court makes this stipulation an order of the Court, this stipulation shall survive and remain in full force and effect after the termination of this lawsuit, whether by final judgment after exhaustion of all appeals or by dismissal, and the Court shall retain jurisdiction over the parties and their attorneys for the purpose of enforcing the terms of this stipulation.

Respectfully submitted,

Dated: August 27, 2019	GREG W. GARROTTO, ESQ.

By: /s/ Greg W. Garrotto as authorized on 08/27/19
    Greg W. Garrotto, Esq.
    Attorney for Plaintiff, Jennifer Mello

Dated: August  27, 2019	MARGO A. RAISON, COUNTY COUNSEL

By:   /s/ Andrew Thomson for Marshall S. Fontes
      Marshall S. Fontes, Deputy
      Attorneys for Defendants,
      County of Kern and Sheriff Donny Youngblood

/ / /

/ / /

/ / /

/ / /

/ / /

7

# [~~PROPOSED~~] ORDER

Based upon the stipulation of counsel, the Court **GRANTS** the stipulated protective order.

IT IS SO ORDERED.

    Dated: __**August 28, 2019**__            __**/s/ Jennifer L. Thurston**__
                                                                        UNITED STATES MAGISTRATE JUDGE

STIPULATION FOR PROTECTIVE ORDER AND [~~PROPOSED~~] ORDER THEREON – Mello v. County, et al.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON – Mello v. County, et al.