Greg W. Garrotto Esq.  SBN 89542
LAW OFFICES OF GREG W. GARROTTO
1925 Century Park East, Suite 2000
Los Angeles, California 90067
Telephone (310) 229-9200
Fax (310) 229-9209
e-mail jjggarrotto@msn.com

Attorneys for Plaintiff, JENNIFER MELLO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MELLO, | CASE NO.  1:18-CV-01216-AWI-JLT |
| Plaintiff, | PLAINTIFF'S TRIAL BRIEF |
| v. | Motion in Limine Hearing and Trial Confirmation: 9/29/2020 |
| COUNTY OF KERN, a public entity; | Time: 1:30 p.m. |
| SHERIFF DONNY YOUNGBLOOD, a public employee; et. al. | Courtroom: 2 |
| Defendants | Trial: 10/13/2020 Time: 8:30 a.m. Courtroom: 3 |

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

Plaintiff, Jennifer Mello hereby presents the following Trial Brief:

**Facts**

On November 30, 2017, Deputies Garrett and Saucedo were dispatched to Plaintiff's residence on account of a report of a domestic dispute.  Plaintiff is deaf and her primary language is American Sign Language ('ASL').  ASL is a linguistically unique language and is not a signed version of English.  In the Incident/Arrest Report, neither of the deputies identify the Plaintiff as being deaf.  Deputy Saucedo stated that Ms. Mello "had a difficult time communicating with me

because Ms. Mello is "mute". I was able to slightly understand Mello." The report indicates that interrogation duties were conducted by Deputy Garrett. In his Supplemental Report, he stated "Mello appeared to have a speech impediment which made it difficult to understand her". In his deposition, Deputy Saucedo testified that he did not believe that Plaintiff was deaf, but that she an impairment that made her unable to speak.

After speaking with Plaintiff's partner, Keith Tobian, who is hearing, the Plaintiff was arrested for corporal injury on a cohabitant (Penal Code Section 273.5(A).

Ms. Mello was arrested and taken to the Central Receiving Facility where she was held for 5 days until December 5, 2017. There are no ASL interpreters at that facility, nor has there been any instance where an outside ASL interpreter has been called to facilitate communication with a deaf inmate. This facility may have a TTY machine, which is an antiquated communications device. It has no video phone connection that would facilitate communication. There is only one person in that facility who has some very limited knowledge of ASL; Justin Trevino is a Classifications Officer who allegedly had a minutes long contact with Ms. Mello. When shown the "Communication Assessment" form that was allegedly filled out on interviewing the Plaintiff, the Plaintiff denied ever seeing that document. In any case, Deputy Trevino worked only on the night of Plaintiff's arrest and was not in the facility at any other time while she was a detainee. There were no other persons working in the jail who had any knowledge of ASL.

She spent 5 days in the Central Receiving Facility. At no time was an ASL interpreter present nor was there a means for Plaintiff to communicate with persons outside the jail. On December 5, 2017, she was taken to a holding area for Court where again there was no ASL Interpreter present. The case was a "DA reject" and she was released without actually appearing before a judge.

**The Plaintiff's Claims**

  The Plaintiff's claims for damages are based on violations of her 14th Amendment rights (42 U.S.C. Section 1983), violations of the Americans With Disabilities Act (42 U.S.C. Section 12101) and violations of the Rehabilitation Act (29 U.S.C. Section 701).

**The Governing Law/Regulatory Structure**

  Under Kern County Sheriff Department Policy and Procedure H-1200, a sign language interpreter must be provided for complex communications or if requested by an inmate who has a hearing disability.  According to said policy, non-emergency sign language interpreter services take three days to organize.  This policy also requires that the Sheriffs Department provide an ASL interpreter in instances where there are legal communications when an interpreter is not otherwise provided by other entities, "such as the courts or the inmate's attorney."

  California Evidence Code Section 754(j) mandates that when a peace officer or person having a law enforcement function interviews an alleged victim or witness who alleges deafness or hearing loss, a "good faith" effort shall be made to secure the services of an interpreter "without any unnecessary delay".  Evidence Code Section 754(j) is applicable here.

  The Americans With Disabilities Act ('ADA') and the Rehabilitation Act provide causes of action and remedies for the failure to provide qualified interpreters during interactions with law enforcement.  In Delano-Pyle v Victoria County, Texas (5th Cir. 2002) 202 F.3d 567, the Court upheld a monetary award that was based on a failure of law enforcement to provide an interpreter to a seriously  hearing impaired Plaintiff in the course of investigation and interrogation for possible driving while intoxicated, in violation of the ADA and Rehabilitation Act.

PLAINTIFF'S TRIAL BRIEF

The only legal question in this area is whether a hearing impaired individual in addition to the ADA and Rehabilitation Act  also has a cause of action under 42 U.S.C. Section 1983 for the failure to provide an interpreter.   Schreiber v Pima County (2017 D. Ariz) 2017 WL 3446747 stands for the proposition that a Section 1983 claim cannot be used to enforce rights under the ADA or the Rehabilitation Act "since they both contain statutory schemes that already contain comprehensive remedial measures." (Page 8).  Schreiber relies on Vinson v Thomas (9th Cir. 2002) 288 F.3d 1145   The most recent case on this subject is from the Third Circuit, Williams v Pennsylvania Human Relations Commission (3rd Cir. 2017) 870 F.3d 294.

All of these cases involve a scenario whereby the Plaintiff is attempting to enforce the ADA and the Rehabilitation Act through a 42 U.S.C. Section 1983 action.  It does not appear that any of the claimants involved were asserting a constitutional violation as here where a 14th Amendment violation is alleged as well as an ADA and Rehabilitation Act violation.  Pima, supra, involved an amended complaint alleging violations of the ADA, Rehabilitation Act and state disability rights laws.  2017 WL 3446747, P. 1.  But the question is whether this distinction actually is important in that the same remedies including attorneys fees are available if no federal civil rights claim is asserted.

In the present case, the Plaintiff contends that her constitutional rights were violated by Deputies Garrett and Saucedo.  Firstly they failed to properly identify her as being deaf; Deputy Saucedo identified her as being "mute"; Deputy Garrett identified her as having a "speech impediment."  In an interview where she was under suspicion of having committed a crime for which she could be detained and incarcerated, constitutional mandates required that she be provided an interpreter.

The failure to provide a qualified ASL interpreter to a deaf criminal suspect and pretrial detainee violates the ADA, the Rehabilitation Act and the Federal Civil Rights Law.  If the Plaintiff had not had her rights violated during the investigation that lead to the arrest, there would have been no arrest.  It would seem that this issue was identified by the District Attorney, as the matter was a "DA reject."

**Damages**

The Plaintiff was interrogated by two deputies, neither of whom identified her as deaf.  In view of the fact that they said that she was "mute" or alternatively that she had a "speech impediment", it is very difficult to come to any other conclusion other than that they chose to believe her speaking companion and arrest her; in other words intentionally discriminating against her because of her disability.   In an instance where she was being contacted and questioned as a suspect to a crime, she was entitled to an ASL interpreter so that there could be effective communication.   Under the circumstances, Plaintiff's constitutional rights were violated and the arrest was wrongful.

The Plaintiff suffered emotional distress on account of the County's failure to provide a qualified ASL interpreter.  She was wrongfully arrested and was detained in the Central Receiving Facility for 5 days without any contact with someone she could communicate with.  She was also released at 10:22 p.m. on December 5, 2017 and was not provided with any means by which she could communicate with any one to obtain a ride. The Sheriffs Department simply released her and let her walk the 4.5 miles home.

In Delano-Pyle v Victoria County, Texas, supra, as previously noted, the 5th Circuit upheld a jury verdict  under similar circumstances.   See Sanford Diamond v City of Los Angeles USDC Central 2:00-cv-1110-ABC JWJ.

PLAINTIFF'S TRIAL BRIEF

**Conclusion**

    In summary, this case implicates the policies, procedures and practices of Kern County. Initially  while contact with a deaf or hard of hearing person of interest might not be a daily occurrence, there appears to be a lack of training to identify deaf persons as well the manner in which to achieve effective communication with them.  Neither of the investigating officers could identify the Plaintiff as deaf.  It is clear that they merely took at his word, Mr. Tobian, because he could communicate and hear.  This on its face constitutes unlawful discrimination as the deaf person is being considered "less than" someone who can hear.

    In the jails, there are no assistive devices to aid in communication.  Mr. Trevino, the classifications officer knew minimal ASL and had virtually no contact with detainees.   The standard for communication with the deaf is a video phone and or an ASL interpreter.   Plaintiff was left with no means to communicate with law enforcement from the beginning of the subject encounter on November 30 to its end on December 5, 2017.  There were no reasonable accommodations made nor did the County provide for effective communication.

Date: 9.14.2020                                        LAW OFFICES OF GREG W. GARROTTO

                                                             /s/ Greg W. Garrotto
                                                             GREG W. GARROTTO